**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 14-3644

———————

HOSSAM KASSEM,
                                        Appellant

v.

WALGREENS CORPORATE; KAM SOLIMAN, STORE MANAGER

———————————————————————

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 12-cv-06132)
District Judge:  Honorable Stanley R. Chesler

———————————————————————

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 19, 2015
Before:  FISHER, KRAUSE and VAN ANTWERPEN, Circuit Judges

(Opinion filed: June 23, 2015)

———————

OPINION*

———————

PER CURIAM

Hossam Kassem appeals the District Court's order granting Appellees' motion for

summary judgment.  For the reasons below, we will affirm the District Court's judgment.

———————————————

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

The procedural history of this case and the details of Kassem's claims are well known to the parties, are set forth in the District Court's opinion, and need not be discussed at length. Briefly, Kassem began working at Walgreens as an overnight store clerk ("OSC") in September 2009. After a few months, his hours were reduced, and in July 2011, he was terminated from his position. Kassem filed a complaint in the District Court alleging that these adverse actions were motivated by his race and age in violation of Title VII and the Age Discrimination and Employment Act. After discovery, Appellees filed a motion for summary judgment which the District Court granted. The District Court assumed arguendo that Kassem had made out a prima facie case of age and race discrimination but concluded that Kassem had failed to set forth any evidence that Appellees' reasons for their actions were discriminatory. Kassem filed a notice of appeal.[1]

We have jurisdiction under 28 U.S.C. § 1291. We review the District Court's order granting summary judgment de novo and review the facts in the light most favorable to the nonmoving party. Burns v. Pa. Dep't of Corr., 642 F.3d 163, 170 (3d Cir. 2011). A grant of summary judgment will be affirmed if our review reveals that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

---

[1] Kassem concedes that the District Court correctly concluded that, as an individual employee, Appellee Soliman was not liable under Title VII or the ADEA. Am. Brief at 27. Thus, we will consider the appeal only as against Walgreens.

Assuming, as the District Court did, that Kassem has established a prima facie case of age discrimination, we must determine whether Kassem has submitted evidence from which a factfinder could infer that Appellee's stated reasons for the adverse actions were pretext for age discrimination and that his age was the "but for" cause of his reduced hours or termination. Gross v. FBL Fin. Servs., Inc., 557 U.S. 167, 177-78 (2009); Smith v. City of Allentown, 589 F.3d 684, 691 (3d Cir. 2009). [2]

Appellee argues that Kassem's hours were reduced due to budget cuts and his inability to perform tasks, such as photo processing, that other OSCs could perform. Appellee explains that Kassem was terminated based on tardiness, poor performance, and his behavior with customers. Appellee submitted copies of several disciplinary records indicating that Kassem was disciplined for repeatedly being late, leaving the cash register unattended, and yelling on the sales floor.

Kassem contends that several issues are in dispute. Kassem argues that Appellee's claim that he could not process photos is misleading. However, he does not dispute that he could not process photos but rather contends that it was Appellee's responsibility to initiate that training. Kassem disputes that he refused to service a customer on the day he

---

[2] Kassem has removed his Title VII claim of racial discrimination from consideration on appeal: "Plaintiff is to exclude the appeal the allegation related to Title VII , While the remaining issues related to age discrimination is opened for today's appeal . [sic]" Am. Brief at 28. Moreover, as noted by Appellees, Kassem admitted at his deposition that he had no evidence to support his claim of racial discrimination. Furthermore, we agree with the District Court that Kassem failed to point to any evidence to establish that Appellee's reasons for the adverse actions were pretext for unlawful racial discrimination.

was fired. However, he admits that when the customer came in towards the end of Kassem's shift and asked him to ring her up, he informed her that another employee would so do because he had already signed out. Kassem does not dispute his tardiness but believes that because he was not fired in 2010 for tardiness occurring during that year, he could not be fired in 2011 for his continued tardiness. Kassem also does not dispute Appellee's allegation that he failed to return items to the shelves as he was required to do. Rather, he contends that if a clerk was busy on the register, there would be no time to return the items.

We agree with the District Court that Kassem has not pointed to any deposition testimony or documentary evidence which creates a genuine dispute of a material fact concerning Appellee's reasons for the adverse employment actions. He has not submitted evidence from which a factfinder could infer that Appellee's stated reasons for the adverse actions were pretext for discrimination based on his age or that but for his age, he would not have had his hours reduced or would not have been terminated. Accordingly, we will affirm the District Court's order granting Appellees' motion for summary judgment.